**HERZLICH & BLUM, LLP**
Attorneys-At-Law

27240 TURNBERRY LANE, SUITE 200
VALENCIA, CALIFORNIA 91355
Telephone (818) 783-8991

Allan Herzlich  State Bar #100920
Jerome J. Blum  State Bar #100317
Marta Roza State  Bar #307206

Attorneys for Plaintiff

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: DAVID MOR,<br><br>　　　　　Debtor.<br>_____<br><br>FIRST DATA MERCHANT SERVICES, LLC, a Florida limited liability company fka FIRST DATA MERCHANT SERVICES CORPORATION, a Florida corporation,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>DAVID MOR,<br><br>　　　　　Defendant.<br>_____ | BK NO. 1:20-bk-11215-MT<br><br>ADV NO.<br><br>Chapter 7<br><br>COMPLAINT TO DETERMINE DEBT TO BE NON-DISCHARGEABLE |

TO THE HONORABLE JUDGE OF THE BANKRUPTCY COURT:

///

///

///

///

///

-1-

COMPLAINT TO DETERMINE DEBT TO BE NON-DISCHARGEABLE

HERZLICH & BLUM, LLP

1. Plaintiff, FIRST DATA MERCHANT SERVICES, LLC, a Florida limited liability company fka FIRST DATA MERCHANT SERVICES CORPORATION, a Florida corporation, is a creditor of the above-named debtor.

2. Defendant DAVID MOR (hereafter "MOR") of North Hollywood, California, is the debtor in the above-captioned proceedings.

3. After Plaintiff obtained a judgment against Defendant MOR in the Los Angeles Superior Court, Case No. 18STCV04168, Defendant MOR filed his Petition for Relief under Chapter 7 of Title 11 of the United States Code in the United States Bankruptcy Court for the Central District of California, and the Defendant listed as one of his debts this debt to Plaintiff.

4. This is an action under 11 USC §523(a)(2) and/or 523 USC §523(a)(4) and 11 USC §523(c) for a determination excepting the debt due to Plaintiff from discharge. This Court has jurisdiction of this action under 28 USC §1334, and this Complaint constitutes a core proceeding.

5. Defendant MOR completed a Merchant Agreement with Plaintiff to induce Plaintiff to process credit card transactions for OVER THE LIMIT APPAREL, INC., a California corporation dba Over The Limit Apparel (hereafter "OTL"). As part of that inducement and agreement, Defendant MOR represented to Plaintiff that he was the President and 100% Owner of OTL. In accordance with the terms of that Merchant Agreement, OTL was obligated to, and represented, among other things, that each transaction submitted to Plaintiff for processing (i.e., payment to OTL)

1) was for merchandise or service actually delivered to and/or performed for OTL's customer(s) (the cardholder(s));

2) was genuine and arose from a bona fide transaction;

-2-
COMPLAINT TO DETERMINE DEBT TO BE NON-DISCHARGEABLE

HERZLICH
& BLUM, LLP

       3) represented a valid obligation of the cardholder(s); and did not involve the use of a credit card for any other purpose set forth in items listed above.

6. In addition, and as part of the Merchant Agreement, Defendant MOR entered into a written personal guaranty as to the debts of OTL to Plaintiff (which was the basis of the Judgment against Defendant MOR).

7. Plaintiff is informed and believes, and based thereon alleges, that Defendant MOR was not, in fact the owner and President of OTL, but represented as much to Plaintiff to deceive Plaintiff into processing credit card transactions for OTL. Plaintiff was unaware and, justifiably relying on said representations, determined to process credit card transactions for OTL. Had Plaintiff known said representations were untrue, it would not have processed credit card transactions for OTL and/or would not have relied on the Personal Guaranty entered into by Defendant MOR.

8. Plaintiff is also informed and believes, and based thereon alleges that commencing in or about December, 2017, OTL, through the acts of Defendant MOR, intentionally processed certain credit card transactions for merchandise OTL had not, in fact, actually delivered to, and/or for service(s) that it had not actually performed for, its customer(s) (the cardholder(s)) and/or that were not, in fact, genuine or bona fide transactions and/or valid obligations of each of the cardholders; and/or intentionally used credit cards for a purpose other than to process a genuine, bona fide transaction that represented a valid obligation of each of his customers (the cardholders).

9. As a result of such intentional actions by OTL, through the acts of Defendant MOR, OTL was able to deceive Plaintiff into believing that OTL had a greater balance in its account with Plaintiff than OTL actually should have had and OTL, through the acts of Defendant MOR, withdrew such "excess funds" with the knowledge that OTL had not actually delivered

-3-

merchandise and/or actually performed services represented by the charges and was not actually and/or lawfully entitled to same.

10. Plaintiff is informed and believes, and based thereon alleges that subsequent to OTL/Defendant MOR's withdrawal of the excess funds described in the foregoing paragraph, OTL customers "charged back" the amounts charged to their credit cards, creating a negative balance in OTL's account with Plaintiff.

11. Due to OTL and Defendant MOR's failure to pay for the above-described charge backs, Plaintiff was left financially responsible to various credit card issuers for credit card charge backs caused by OTL's failure to actually ship merchandise to and/or actually perform services for OTL's customers and failure to process transactions which would result in credits to its customers.

12. Plaintiff is informed and believes, and based thereon alleges that OTL/Defendant MOR knew at the time of making the above-referenced withdrawals that it/he was not entitled to withdraw such funds from the OTL account with Plaintiff and falsely and fraudulently failed to ship merchandise to and/or perform services for OTL's customers and process OTL's customers' credit transactions for the purpose of deceiving Plaintiff to extend further credit and services and to make possible OTL/Defendant MOR's withdrawal of "excess funds" as above-stated.

13. By reason of said actions, OTL/Defendant MOR was able to deceive Plaintiff into continuing to process credit card transactions for OTL and to allow OTL/Defendant MOR to withdraw funds from the OTL account with Plaintiff. Plaintiff was unaware and, justifiably relying on said representations and account balance as being true, determined to continue to processing credit card transactions for OTL and to allow OTL/Defendant MOR to withdraw funds from the OTL account with Plaintiff. Had Plaintiff known said representations were untrue and/or that

OTL had intentionally failed to actually ship merchandise to and/or actually perform services for OTL's customers and process OTL's customers' credit transactions, it would not have processed credit card transactions for OTL and/or allowed the above-referenced withdrawals.

14. By reason of the false and fraudulent statements of and/or intentional actions and failures to act of Defendant MOR, and by reason of Plaintiff's relying on the truthfulness of the same, this obligation is not dischargeable.

WHEREFORE, Plaintiff prays for Judgment as follows:

1. That the Court determine that the debt on which the Plaintiff's Judgment is based is a debt which may be excepted from discharge, after notice and hearing, under 11 USC §523(a)(2) and/or 11 USC §523(a)(4) and 11 USC §523(c);

2. That the day and date be set for hearing on these objections to discharge;

3. For costs herein expended;

4. For such other relief to which the Plaintiff may be entitled.

DATED: October 9, 2020

Respectfully submitted,
HERZLICH & BLUM, LLP

By: _____
MARTA ROZA
Attorneys for Creditor/Plaintiff